# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO



CHRIS AND JOSEPHINE GARCIA,

Plaintiffs,

-vs-

No. CIV 99-0382 LH/DJS

FLEETWOOD ENTERPRISES, INC., a Delaware
corporation, FLEETWOOD TRAVEL TRAILERS OF
CALIFORNIA, INC., a California corporation, and
REESE PRODUCTS, INC., an Indiana corporation,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion in Limine by Defendant Reese Products, Inc. to Preclude Plaintiffs from Introducing Evidence or Assertions at the Trial that the Reese Instructions and Warnings Were Inadequate (Docket No. 202), filed November 19, 2001. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken in part and will be **granted in part**.

Defendant Reese Product, Inc. (Reese) moves for an order excluding from evidence and directing counsel and witnesses not to mention in any way that the Reese hitch instructions and warnings were inadequate. Reese bases its Motion on assertions that Plaintiffs never received or read the Reese instructions; Plaintiffs did not read the Reese decal attached to the hitch before the accident; Plaintiffs were not relying upon the Reese instructions at the time of the accident; Plaintiffs' experts admit that the instructions are adequate and that if Plaintiffs had read and followed them, the



accident would not have happened; and any alleged inadequacy of the instructions is not relevant and is contrary to the admissions by Plaintiffs' experts and Plaintiff Chris Garcia. Alternatively, Reese maintains that even if the alleged inadequacy of the instructions may be relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

There does not appear to be any dispute that Plaintiffs did not receive and did not read Reese's written hitch instructions and hang tag before the accident that is the subject of this suit. With regard to the instructions on the hitch decal, however, during his deposition testimony on January 4, 2001, Mr. Garcia could not recall reading the decal prior to the accident, although he had testified the day before that he read the decal on the hitch soon after purchasing the hitch and he thought that the decal instructions were the same as the instructions demonstrated by the dealer. In his affidavit of November 20, 2001, Mr. Garcia states that he read the Reese decal and Fleetwood written instructions before the accident and believed that the proper way to hitch was to put the kingpin over the hitch and lower the kingpin into the hitch. While Mrs. Garcia is not sure whether she read the decal, she testified at deposition that if there were any decals on the hitch, she is sure that she and her husband would have followed what the decal said. Finally, Plaintiffs' experts, Drs. Ziernicki and Karnes, and Mr. Garcia have offered deposition testimony that the accident would not have happened if Plaintiffs had followed the Reese written instructions and/or the instructions on the decal.

The Court agrees with Defendant Reese that because the Plaintiffs did not read and, therefore, could not have relied upon, the written instructions and hang tag, they could not have been a proximate cause of Plaintiffs' injuries and any argument as to their adequacy is irrelevant to the issues in this case. As to the decal, there remains a genuine issue of material fact whether Mr. Garcia read

and relied upon the instructions therein. Therefore, the Court reserves ruling on the Motion as to the relevance of the adequacy of the decal instructions, pending development of the testimony at trial.

**IT IS HEREBY ORDERED** that the Motion in Limine by Defendant Reese Products, Inc. to Preclude Plaintiffs from Introducing Evidence or Assertions at the Trial That the Reese Instructions and Warnings Were Inadequate (Docket No. 202), filed November 19, 2001, is **GRANTED IN PART**.

_____
**UNITED STATES DISTRICT JUDGE**